IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY JONES, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-04-2496 |
| vs. | : |
| | : (Judge Caldwell) |
| L. DOMALAKES, *ET AL.*, | : |
| Defendants | : |

*M E M O R A N D U M*

*I.   Introduction.*

On November 17, 2004, Jones filed a civil rights action claiming that his state-court appellate brief challenging the dismissal of his second petition for collateral relief was dismissed as untimely because defendants failed to grant him adequate time in SCI-Frackville's law library, provide him with adequate legal research materials, and send mail on Saturdays. (Doc. 1).

On December 2, 2004, the Court dismissed Jones' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after a thorough review of the Complaint and related state-court docket, concluding that Jones had failed to demonstrate the actual-injury element of an access-to-the-courts claim.  Presently before the Court is Jones' motion for reconsideration filed pursuant to Rule 60 of the Federal Rules of Civil Procedure regarding that

determination.[1]  (See Doc. 14).  For the reasons that follow, Jones' motion will be denied.

*II.   Standard of Review.*

Rule 60(b) provides relief from judgment where there is mistake, newly discovered evidence, or fraud.  It requires that any motion brought thereunder "shall be made within a reasonable time," and adds that where fraud is the basis for the motion, the motion must be made "not more than one year after the judgment, order or proceeding was entered or taken."  Fed.R.Civ.P. 60(b).

Only where extraordinary circumstances are present should relief under Rule 60(b) be granted.  *Bohus v. Beloff*, 950 F.3d 919, 930 (3d Cir. 1991).

*III. Discussion.*

Aside from rearguing the allegations advanced in his Complaint, Jones maintains that the Court should have: (1) resolved his pending motion requesting an order that SCI-Frackville open "all legal mail regarding this matter in the

---

[1] We note that Jones filed his Notice of Appeal to the Third Circuit (doc. 13) prior to filing his Motion for Reconsideration (doc. 14).  Since Jones' motion for reconsideration is filed pursuant to Fed. R. Civ. P. 60(b), which allows motions "not more than one year after the judgment, order or proceeding was entered or taken," his appeal to the Third Circuit does not divest this Court of jurisdiction to address the pending motion.

presence of Plaintiff" (*see* Doc. 7) prior to dismissing his case; and/or (2) granted him leave to amend his complaint prior to dismissing it. (Doc. 14). We have considered both arguments and have found them without merit.

As to Jones' first argument, it appears that his November 23, 2004, motion requesting to have all of his legal mail from the Court related to this case opened in his presence (doc. 7), was not docketed until November 29, 2004, just two days prior to the Court's issuing its December 2, 2004, Order dismissing the case. (*See* Doc. 8). Our procedural oversight in not resolving this motion did not affect the overall outcome of this matter as specific relief Jones sought in that motion - an order order requiring "SCI-Frackville staff to open all legal mail regarding this matter in the presence of Plaintiff" - has no bearing on his ability to assert a valid access-to-the-courts claim. (Doc. 7, p. 13). In the same motion Plaintiff also requested the Clerk of Court to forward various documents (US Marshall forms and Notice of Consent to Magistrate Proceedings) to him. (*Id*.) Again, this request if granted, would not have altered the outcome of our original findings in this matter. Finally, Jones points out that the text of his motion also mentioned he intended to file an Amended Complaint. Procedurally, had the Court reviewed the motion prior to screening the original complaint, we would not

have issued the December 2, 2004, dispositive Order as Plaintiff by right has the opportunity to amend the complaint. *See* Fed. R. Civ. P. 15(a). Nonetheless, any amendment Jones may have made with respect to his access-to-the-courts claim would have been futile for the reasons discussed below as we now we turn to his second claim, that he should have been granted leave to amend his complaint prior to our dismissing it.

When the Court performs mandatory screening of prisoner complaints it employs the standard to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). When a complaint is found legally lacking, normally pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). In this case, any further amendment of Jones' access-to-the-courts claim would have been futile.

Our dismissal of Jones' access-to-the-courts claim is premised on his inability to satisfy the "actual injury" portion of that claim. Inmates have a right of access to the courts.

*Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606; *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In order to succeed on an access-to-the-courts claim an inmate must prove actual injury. *Lewis*, 518 U.S. at 351. Actual injury is the loss of a nonfrivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. *Id*. at 351-54; *Tourscher v. McCullough*, 184 F.3d 236 (3d Cir. 1999)("To state a viable claim of the denial of meaningful access to the courts, Tourscher was required to plead facts demonstrating that the work he performed in the prison cafeteria interfered with his ability to prosecute his appeal."). In this case, Jones did not, and could not, demonstrate that his appeal of the dismissal of either his second Post Conviction Relief Act ("PCRA") petition or his federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 was negatively affected by the defendants' alleged actions. *See* Doc. 1, p. 35; *Commonwealth v. Jones*, 1828 EDA 2003 (Super. Pa.); and the Order and Opinion in *Jones v. Shannon*, No. Civ. A. 03-4136, 2004 WL 1091040 (E.D. Pa., April 20, 2004). As more fully set forth in our original order dismissing this case, Jones' second PCRA was dismissed because he failed to allege any grounds for equitable estoppel that would have tolled the applicable statute of limitations for the filing of those actions and not

because his appellate brief was received late. His federal habeas corpus action was dismissed as untimely for similar reasons. *See Jones v. Shannon*, No. Civ. A. 03-4136, 2004 WL 1091040 (E.D. Pa., April 20, 2004). Thus, dismissal of his action without leave to amend was proper as any amendment would have been futile.

Thus, Jones is not entitled to reconsideration of our decision dismissing his access-to-the-courts claim upon screening, without leave to amend, as he cannot satisfy the actual-injury requirement of that claim.

*IV.  Conclusion.*

Jones' Rule 60(b) motion has failed to present any newly discovered evidence or precedent which would alter this Court's prior determinations. Plaintiff's motion has also failed to establish any extraordinary circumstances. Consequently, the motion will be denied.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 25, 2005

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARRY JONES,                    :
                                :
     Plaintiff                  :
                                :   CIVIL NO. 1:CV-04-2496
     vs.                        :
                                :   (Judge Caldwell)
L. DOMALAKES, ET AL.,           :
                                :
     Defendants                 :
```

*O R D E R*

AND NOW, this 25th day of October, 2005, for the reasons set forth in the accompanying memorandum, it is ordered that Plaintiff's Motion For Reconsideration filed Pursuant to Rule 60 of the Federal Rules of Civil Procedure (doc. 14) is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge